**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DOE**
**Plaintiff**

v.

**THE ISLAMIC REPUBLIC OF IRAN et al.**
**Defendants.**

Civil Action No. 1:26-cv-2481

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND SUPPLEMENTAL RECORD EVIDENCE**

Plaintiff Diez Doe respectfully submits this Notice to bring to the Court's attention two developments post-dating Plaintiff's Motion for Alternative Service by Electronic Mail upon Defendant Islamic Revolutionary Guard Corps, filed August 14, 2026 (ECF No. 7) (the "Motion"): (1) a minute order entered August 31, 2026 by Magistrate Judge Moxila A. Upadhyaya in *Doe v. Islamic Republic of Iran*, No. 1:26-cv-02507-MAU (D.D.C.), granting alternative service by electronic mail upon the Islamic Republic of Iran ("Iran"), the Islamic Revolutionary Guard Corps ("IRGC"), and the Ministry of Intelligence and Security ("MOIS") (attached hereto as Exhibit A); and (2) correspondence from the Judicial Assistance Team of the Office of the Legal Adviser, Bureau of Consular Affairs, U.S. Department of State, dated September 3, 2026, stating that service upon Iranian defendants under 28 U.S.C. § 1608(a)(4) "is not possible at this time" (attached hereto as Exhibit B). Plaintiff seeks no relief by this Notice beyond the relief requested in the Motion.

## I. The August 31, 2026 Minute Order in *Doe v. Islamic Republic of Iran*, No. 1:26-cv-02507-MAU

On August 31, 2026, Magistrate Judge Upadhyaya granted the plaintiffs' motion for alternative service in *Doe v. Islamic Republic of Iran*, No. 1:26-cv-02507-MAU (D.D.C.), in which the defendants are Iran, the IRGC, and MOIS. Ex. A. The order authorizes the plaintiffs to "serve Defendants by transmitting the summons, the complaint and the required notices, together with a Farsi translation of each, by electronic mail to the Permanent Mission of the Islamic Republic of Iran to the United Nations at iran@un.int," and directs the plaintiffs to file a certificate of service within seven days of effecting service. *Id.*

The order proceeds under 28 U.S.C. § 1608(a). It recites that "28 U.S.C. § 1608(a) provides four methods to serve a foreign nation," and holds that "[i]f Plaintiffs strictly complied with § 1608(a)'s requirements but were unsuccessful at serving Defendants, Plaintiffs may serve Defendants by alternate methods," provided that any alternate method is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Applying that standard, the court found electronic mail to Iran's Permanent Mission adequate because Iran "maintains an official, diplomatic presence with the United Nations in New York" and publishes that address on its Ministry of Foreign Affairs webpage, such that "[i]t is reasonable to assume that the email address Iran has provided would apprise Iran of the pendency of the action and afford it the opportunity to respond." *Id.* The court authorized the same method as to the IRGC and MOIS on the ground that those entities are "so closely bound up with the structure of the state that [they] must in all cases be considered as the 'foreign state' itself." *Id.* (quoting *Przewozman v. Islamic Republic of Iran*, 628 F. Supp. 3d 307, 313 (D.D.C.

2022), and citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153 (D.C. Cir. 1994)).

The order is directly relevant to Part III.F of the Motion, which requests, in the alternative, that if § 1608(a) governs service upon the IRGC, the Court authorize the same method of service on the ground that every method § 1608(a) prescribes is presently unavailable. The *Doe* order confirms that a court of this District will authorize service by electronic mail to iran@un.int, with a Farsi translation of each document, within the § 1608(a) framework and under the *Mullane* standard, and that it will do so as to the IRGC and MOIS as well as to Iran. The order also rests in part on the two decisions submitted with the Motion as Motion Exhibits E and F, stating that it "is consistent with those of other courts in this District who recently addressed the same issue," and citing Order, *Doe v. Islamic Revolutionary Guard Corps*, No. 1:26-cv-00334 (D.D.C. June 9, 2026), ECF No. 10, and Minute Order, *Hutan v. Islamic Republic of Iran*, No. 1:25-cv-00837 (D.D.C. Apr. 16, 2026). Ex. A. With the *Doe* order, three judges of this District have now authorized this method of service upon these Defendants in four cases. *See* Motion Exs. E, F, G, and Exhibit A hereto.

**II. The September 3, 2026 Correspondence from the U.S. Department of State**

Motion Exhibit A is correspondence from the Judicial Assistance Team dated June 15, 2026, advising that although the Foreign Interests Section of the Swiss Embassy in Tehran had physically reopened, "there are still no regular diplomatic shipments between Bern and Tehran, which continues to inhibit the ability to transmit documents in either direction." Motion Ex. A. On August 27, 2026, undersigned counsel's office requested an updated status determination as to the availability of service under § 1608(a)(4). Ex. B.

The Department responded on September 3, 2026: "Given the security situation in Iran, service upon Iranian defendants under Sec. 1608(a)(4) is not possible at this time. We may continue to hold any pending requests until such a time as we are able to provide the service

requested or circumstances change." Ex. B. The Department further stated that it is "unable to give you a precise timetable for when service may be accomplished." *Id.*

That correspondence updates the record supporting Part I.C and Part III.F of the Motion in two respects. First, it is the Department's current position, stated twenty days after the Motion was filed, and it states the conclusion directly: service under § 1608(a)(4) "is not possible at this time." Ex. B. Second, the Department identifies no date on which the diplomatic channel is expected to function and states that it cannot supply one, which bears on the Motion's showing that the unavailability is of indefinite duration. *See* Motion Part III.G.2.

## III. CONCLUSION

Plaintiff respectfully submits that the August 31, 2026 minute order in *Doe*, No. 1:26-cv-02507-MAU, and the September 3, 2026 correspondence from the U.S. Department of State support the relief requested in the Motion. Copies are attached hereto as Exhibits A and B.

Dated: September 4, 2026
Respectfully submitted,

/s/Jeffrey D. Katz

Jeffrey D. Katz (Bar No. 17071)
Jared B. Stape (Bar No. MD0215)
JDKATZ, P.C.
4800 Montgomery Lane, Suite 600
Bethesda, MD 20814
(301) 913-2948
Jeffrey@JDKatz.com
Jared@JDKatz.com
*Attorney for Plaintiff*